# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **CARLINE CURRY,** | Case No. 1: 19 CV 2984 |
| **Plaintiff,** | |
| -vs- | **JUDGE PAMELA A. BARKER** |
| **DONALD TRUMP,** *et al.*, | **MEMORANDUM OF OPINION AND ORDER** |
| **Defendants.** | |

## Background

*Pro se* Plaintiff Carline Curry has filed an *in forma pauperis* civil complaint in this case against numerous public officials, including President Donald Trump, Vice President Mike Pence, Speaker of the House of Representatives Nancy Pelosi, United States Senator Sherrod Brown, the Justices of the United States Supreme Court, Ohio Governor Mike DeWine, Mansfield Mayor Theaker, as well as multiple Ohio state judges and others. (Doc. No. 1.) Her 21-page Complaint does not set forth cogent factual allegations or legal claims. It appears she contends the Defendants have violated her rights in connection with her efforts to obtain a default judgment in an unsuccessful action she filed in state court pertaining to her past employment with the City of Mansfield. (*See id*. at 3.) The relief she seeks is for the "the Court and Senate and Congress to overturn the Decision (Act of Congress) and award plaintiff Curry Prayer of Relief of 31,160,000 Thirty One Million One Hundred and Sixty Thousand Dollars." (*Id.* at 21.)

## Standard of Review and Discussion

Although *pro se* pleadings generally are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), *pro se* plaintiffs must still meet basic pleading requirements, and courts are not required to conjure allegations or construct legal claims on their behalf. *See Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001). Moreover, federal courts are courts of limited jurisdiction and have a duty to police the boundaries of their jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). "A district court may, at any time, sua sponte dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of [the] complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

The Court finds that the plaintiff's Complaint must be dismissed in accordance with *Apple v. Glenn*. The Complaint is so incoherent, implausible, devoid of merit, and frivolous that it does not provide a basis to establish this Court's subject-matter jurisdiction over any claim against any Defendant in the case.

Additionally, "federal courts have the inherent power to . . . [restrict] future access to the judicial system, to deter future frivolous . . . or duplicative lawsuits." *Lawrence v. Bevin*, No. 1:16CV-P161-GNS, 2017 WL 1103616, at *3 (W.D. Ky. Mar. 24, 2017) (citing *Chambers v. Nasco, Inc*., 501 U.S. 32, 43–45 (1991); *Futernick v. Sumpter Twp*., 207 F.3d 305, 314 (6th Cir. 2000); *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987)). This inherent power includes denying the privilege of proceeding *in forma pauperis* when a litigant abuses the privilege by repeatedly filing meritless lawsuits. *See In re McDonald*, 489 U.S. 180, 184–85 (1989); *Maxberry v. S.E.C*., 879 F.2d 222, 224

(6th Cir. 1989); *Weber v. Louisville Metro Police Dep't*, No. 3:16-CV-779-DJH, 2017 WL 1293019, at *2 (W.D. Ky. Apr. 5, 2017).

The Plaintiff has already filed multiple *pro se* actions in this District pertaining to her employment with the City of Mansfield, which have been dismissed. *See, e.g. Curry v. City of Mansfield, et al.*, Case No. 1: 14 CV 177 (N.D. Ohio); *Curry v. City of Mansfield*, *et al.*, Case No. 1: 12 CV 2887 (N.D. Ohio); *Curry v. City of Mansfield*, *et al.*, 1: 12 CV 276 (N.D. Ohio); *Curry v. City of Mansfield*, *et al.*, Case No. 1: 10 CV 1743 (N.D. Ohio); *Curry v. City of Mansfield*, *et al.*, 09 CV 287 (N.D. Ohio); *Curry v. City of Mansfield*, *et al.*, 05 CV 2094 (N.D. Ohio).

This Court now concludes that continuing to allow the Plaintiff to proceed *in forma pauperis* with lawsuits regarding her employment with the City of Mansfield does not promote the use of Court resources in the interest of justice. *See Maxberry*, 879 F.2d at 224. Accordingly, in the future, the Plaintiff will not be permitted to file another action pertaining to her employment with the City of Mansfield without payment of the full filing fee. *See Profit v. City of Shaker Heights*, No. 1:18 CV 1223, 2019 WL 315092, at *7 (N.D. Ohio Jan. 23, 2019) (after filing two meritless lawsuits regarding a February 23, 2017 traffic stop, *pro se* plaintiff is prohibited from filing another action regarding this incident without payment of the full filing fee).

**Conclusion**

In accordance with the foregoing, the Plaintiff's Complaint in this case is dismissed pursuant to the Court's authority established in *Apple v. Glenn*. In light of this dismissal, the Plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2) is denied as moot.

The Plaintiff will not be permitted to file another action regarding her employment with the City of Mansfield without payment of the full filing fee.

The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date: April 22, 2020

S/Pamela A. Barker
PAMELA A. BARKER
U. S. DISTRICT JUDGE